THE STATE *ex rel.* MONAHAN V. WALTON, *Appellant.*

1.  Justices of the Peace in the City of St. Louis; LOCAL LAWS.
    The act of April 27th, 1877, providing for the election of justices of
    the peace in the city of St. Louis, (Acts 1877, p. 283,) is not such a
    local law as falls within the prohibitions of sections 53 and 54, arti-
    cle 4 of the constitution of 1875, against the enactment of a local
    law where a general law ·can be made applicable, or until notice
    of intention to apply for its enactment shall have been published in
    the locality to be affected.

2.  ————: UNDER THE CONSTITUTION OF 1875. The city of St. Louis, as
    constituted under the scheme and charter, not being a county, sec-
    tion 37, article 6 of the constitution of 1875 does not make it obliga-
    tory on the Legislature to provide for the election of justices of the
    peace there; but taken in connection with section 25, article 9, it
    does confer the authority to do so.

*Appeal from St. Louis Court of Appeals.*

*A. R. Kellam, C. C. Simmons* and *J. J. McCann,* for
appellants.

*W. B. Thompson,* for respondent.

NORTON, J.—This is an action in the nature of *quo
warranto,* upon the information of the circuit attorney of
the eighth judicial circuit of Missouri, at the relation of
Patrick Monahan against John F. Walton. The petition
alleges that said Walton has intruded into and usurped
the office of justice of the peace in the sixth district of the
city of St. Louis. It also alleges that the relator was duly
elected at the general state election held on the 5th day of
November, A. D. 1878, by a majority of the legal voters
of said district, to the said office, and sets forth his eligi-
bility under the laws of the state; that subsequent to the
election a certificate of his election was duly executed and
a commission delivered to him according to law, executed
by the legal authority, and that he has taken and subscrib-
ed the oath of office in the manner provided by law. An
alternative writ was issued by the circuit court of St.

Louis, commanding the respondent to show by what authority he exercised and held the office in question. And thereupon the respondent filed his return, which contains nothing material to be considered except the averment that he was elected to the office of justice of the peace of the eighth representative district in the township of St. Louis, in the county of St. Louis, in November, 1874, for a term of four years and until his successor should be duly elected and qualified, and that no legal election of his successor has been held according to law. To the return made relator filed a demurrer which was sustained, and judgment of ouster being rendered, the respondent declined to plead further. On appeal to the court of appeals the judgment was affirmed *pro forma* from which respondent has appealed to this court.

The principal question involved in the determination of the case is whether the act of April, 1877, (acts 1877, p. 283), is constitutional. This act divides the city of St. Louis into fourteen election districts and provides that at every general election thereafter held justices of the peace shall be elected in each of them. It seems to be conceded that if this act is constitutional the judgment of the circuit court should be affirmed. It is, however, contended by counsel for respondent with much plausibility that the act in question is a local and special law, and, therefore, obnoxious to sections 53 and 54, article 4 of the constitution, which provides among other things that "no local or special law shall be enacted" where a general law can be made applicable, and that "no local or special law shall be passed unless notice of the intention to apply for the same shall have been published in the locality where the matter or thing to be affected may be situated   *   * at least thirty days prior to the introduction of such bill." These sections to which the act of 1877 is supposed to be obnoxious must be considered and receive judicial construction in connection with other provisions of the constitution. Section 37 article 6 declares that " in each county

there shall be appointed or elected as many justices of the peace as the public good may require, whose powers, duties and duration in office shall be prescribed by law." Now if in the execution of the power thus conferred and duty thus enjoined on the general assembly they had passed a general law providing that in each township in each county in the state there should be elected two justices of the peace except that in the city of St. Louis justices of the peace should be elected in districts as is provided in the act of 1877, we apprehend that it could not be successfully maintained that such provision relating to the city of St. Louis would be invalid for the want of such notice as is prescribed in section 54 *supra*.   This is shown in the case of *State ex rel. Berry v. Shields*, 5 Mo. App. 259.   That was a proceeding to compel the defendant to audit the account of relator, who, by virture of an act of the legislature passed in 1877, had been appointed official reporter for the court of appeals.   It was contended there, as it is here, that the act was a local and special act and had been passed without the notice required by section 54 article 4, first having been given.   In disposing of this objection Judge Lewis observes that " we are informed the act is local and special, and therefore void under section 54 article 4 of the constitution because notice of the intention to apply therefor was not published in the locality where the matter or thing to be affected was situated.   It would be a sufficient answer to all the points and authorities cited in support of that position that no law can be either local or special within the meaning of the constitution which results directly or indirectly from a specific constitutional requirement.   It would be a manifest absurdity to assume that the constitution, when directing the Legislature to pass a certain law, could at the same time require a notification to the people of a locality, as respondent suggests, for the purpose of enabling them to defeat the law.   We cannot construe the constitution as providing methods for setting aside its own commands."   While the act in question,

when viewed simply with reference to the territory in which it is to operate, may in strictness be classed as a local law, yet when it is considered that other provisions of the constitution have so separated the city of St. Louis from other territorial divisions of the state as to give it an organization different from that of any county or other city, thus necessitating legislation applicable to it alone and which can not be made applicable by a general law, we are forced to the conclusion that the act of 1877 providing for the election of justices of the peace in said city is not such a local law as falls within the prohibitions of sections 53 and 54 *supra*.

It has been urged that section 37 article 6, which we have quoted as imposing an obligation on the legislature to provide for the appointment or election of justices of the peace in each county in the state has no application to the city of St. Louis because it is not a county. Conceding as we think is the fact, that the city of St. Louis is not a county, it nevertheless still remains as a territorial division of the state, as a city with power, through a charter in harmony with the constitution and laws of the State, to regulate its municipal government, over which the general assembly by virtue of section 25 article 9 shall have the same power as over other cities in the state, and as in virtue of said section 37 the general assembly has the power to provide for the appointment or election of justices of the peace in every other city in the state, such cities being embraced within the limits of the various counties, therefore it follows that the general assembly may provide by law for the election of justices of the peace in the city of St. Louis. This they have done by the act of 1877 in question, and when it is considered that the law was enacted in obedience to a constitutional requirement and that the city of St. Louis to which it applies embraces one-fourth or fifth of the population of the state, said act cannot be said to be in conflict with the inhibitions against

the passage of local laws for the reasons hereinbefore given. Judgment affirmed, in which the other judges concur.

AFFIRMED.