SPAULDING, *Appellant*, v. BRADY.

Division One, May 28, 1895.

1. **Constitution**: ACTS, 1891, P. 175: SPECIAL OR LOCAL LEGISLATION. The provisions of the act approved April 23, 1891 (Acts, 1891, p. 175), for paying justices of the peace of the city of St. Louis a salary, and for paying their costs and fees into the city treasury, are not in conflict with any of the prohibitory clauses of section 53, article 4, of the constitution.

2. ——: ——: ——.  Legislation which is authorized by the constitution itself can not be regarded as local or special within the meaning of the prohibition of section 53, article 4, of the constitution, although its application is purely local.

3. City of St. Louis: FEES OF JUSTICES OF THE PEACE: CONSTABLES. Under Acts, 1891, p. 175, fees of justices of the peace of the city of St. Louis collected by constables are to be paid into the city treasury.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

(1)   Section 12 of Act of April 23, 1891, page 177, Session Acts, 1891, is unconstitutional and void, because it is special legislation and violates section 53, of article 4, of the constitution of the state of Missouri. *Murnane v. City*, 28 S. W. Rep.; *State ex rel. v. County Court*, 89 Mo. 240; *State ex rel. v. Miller*, 100 Mo. 450; *State ex rel. v. Herman*, 75 Mo. 341.   (2) If section 12 is constitutional, then the justice is entitled to a salary and all his fees that come into the hands of the constable, for, while section 18 provides that the constable shall pay his own fees to the city treasurer, there is no provision in the act requiring him to pay the fees of the justices to the city.

*W. C. Marshall* for respondent.

The contention of appellant that the act of 1891 is unconstitutional because violative of section 53, of article 4, of the constitution was decided adversely to appellant in *State ex rel. v. Higgins*, 125 Mo. 364, and subsequently in *Kenefick v. St. Louis*, 127 Mo. 1.   See, also, *State ex rel. v. Yancy*, 123 Mo. 391.   The act of 1891 is not a "mere amendment or regulation of the powers of local government" as was the case in *Mur-*

nane v. St. Louis, 123 Mo. 479, and that case has no application to the question involved here.

MACFARLANE, J.—This case was submitted to the court upon an agreed statement of facts. Judgment was rendered for defendant by the circuit court and plaintiff appealed. The agreed statement, briefly given, discloses these facts:

Plaintiff was, at the November election, 1894, elected justice of the peace of the fifth district of the city of St. Louis, as created under an act of the general assembly, approved April 23, 1891. See Acts, 1891, page 175. Defendant was elected constable of the same district at the same time. Both of these officers duly qualified. From the twenty-eighth day of November, 1894, to the thirty-first day of December, 1894, defendant, as constable, collected fees and costs in divers cases amounting to $113.55, which were taxed as costs in such cases in favor of plaintiff as justice of the peace.

Defendant refused to pay said fees to the justice for the reason, as stated, that, under the said act of 1891, plaintiff is not entitled to receive them, but that they should be paid to the treasurer of the city of St. Louis. Plaintiff insists that said act, so far as it undertakes to deprive him of his duly taxed costs, is unconstitutional and void.

I.   This appeal puts directly in issue the constitutionality of those provisions of the act of the general assembly of the state approved April 23, 1891 (Laws, 1891, p. 175), which provide for paying justices of the peace of the city of St. Louis a salary, and for paying into the treasury of the city their costs and fees.

The act, after providing for dividing the city into districts, the election of justices of the peace therein, and fixing their jurisdiction, provides by section 12, as

follows: "Each of said justices shall receive a salary of $2,500 per annum, payable monthly, to be paid out of the treasury of the city in which they are elected." Other sections make provision for the collection of the fees of justices of the peace, and the payment of the amount thereof to the city treasurer every thirty days.

The constitutionality of these provisions of the act is challenged upon the ground that they are in violation of section 53, of article 4, of the constitution of the state, which prohibits local or special legislation. If they are unconstitutional as asserted by plaintiff, then he should have had judgment for his fees collected and held by defendant, and the judgment should be reversed.

The act came before this court for construction in the recent case of *State ex rel. v. Higgins*, 125 Mo. 364, 28 S. W. Rep. 638. That case, as presented, involved only the power of the legislature to provide for the division of cities, having the specified population, into justices of the peace districts. The section making provision for such division was held constitutional and no other portion of the act was directly passed upon. The only question discussed and decided in that case was whether the sections of the act in question were unconstitutional as being in conflict with the mandate of the constitution forbidding local or special legislation, for the reason that the act, by its terms, was applicable only to the city of St. Louis. The court did not undertake to decide whether the act did, in fact, apply to that city alone, but held that though such was the case, the sections in question could not be regarded as special within the meaning and intent of the constitution.

The decision was placed upon the authority of *State ex rel. v. Walton*, 69 Mo. 556. In that case NORTON, J., who delivered the unanimous opinion of

the court, in speaking of another act making provision for dividing the city of St. Louis into such districts, and for electing justices therein, said: "While the act in question, when viewed simply with reference to the territory in which it is to operate, may in strictness be classed as a local law, yet, when it is considered that other provisions of the constitution have so separated the city of St. Louis from other territorial divisions of the state as to give it an organization different from that of any county or other city, thus necessitating legislation applicable to it alone and which can not be made applicable by a general law, we are forced to the conclusion that the act of 1877 providing for the election of justices of the peace in said city is not such a local law as falls within the prohibitions of section 53 and 54," article 4, of the constitution.

Taking these decisions together, it must be held as settled that the general assembly has the power to provide, by an act applicable alone to the city of St. Louis, for the division of that city into justice of the peace districts.

II. It is urged in the second place that the act is in conflict with the clause of section 53, article 4, of the constitution which prohibits special or local legislation "creating officers, or prescribing powers and duties of officers in counties, cities and towns."

I am unable to see why the decisions in the cases heretofore cited do not necessarily settle the proposition here urged. The power to divide the city into districts would be meaningless, unless the power to provide for electing justices also existed. It is true the constitution does not, in terms, provide for electing or appointing justices of the peace in the city of St. Louis. It may also be said that there is an absence of express authority to divide the city. The provision of the constitution is

as follows: "In each county there shall be appointed, or elected, as many justices of the peace as the public good may require, whose powers, duties and duration in office shall be regulated by law." Sec. 37, art. 6. Yet it was held that this provision necessarily applied to the city of St. Louis.

But we need not pursue this comparison. The constitution (sec. 14, art. 9) provides: "Except as otherwise directed by this constitution, the general assembly shall provide for the election or appointment of such other county, township and municipal officers as public convenience may require." The omission to provide for appointing justices in the city of St. Louis is here expressly supplied.

The doctrine has often been recognized by this court that legislation which is authorized by the constitution itself can not be regarded as local or special, within the meaning of said constitutional prohibition, though its application is purely local. *State ex rel. v. Walton, supra; Kenefick v. St. Louis,* 127 Mo. 1; 29 S. W. Rep. 838, and cases cited. The principle contained in the observation of Judge LEWIS, in *State ex rel. v. Shields,* 4 Mo. App. 259, that "no law can be either local or special, within the meaning of the constitution, which results directly or indirectly from a specific constitutional requirement" is the sound basis upon which these decisions rest.

The act can not, therefore, be regarded as local or special in the particular complained of, though only applying to the city of St. Louis.

III. Again, it is urged that the enactment is repugnant to the clause of section 53, article 4, of the constitution which declares that no special or local act shall be passed regulating fees of justices of the peace.

To this proposition we are also unable to give our assent. In the first place, it may be said that the act

does not undertake to regulate the fees of justices of the peace. The fees of such officers remain the same as provided by general law. The effect of the law is only to require the fees earned by the justice to be turned into the treasury of the city, out of which a salary shall be paid him in lieu of fees.

But if the legislature had the power, by an act, confined in its operation to the local territory of St. Louis, to provide for the election or appointment of justices of the peace, we can see no sufficient reason why it had not the power, also, to provide for their compensation. Said section 53, of the constitution, prohibits local legislation when unauthorized. It places no limitation on the scope or extent of such legislation when authorized.

There can be no doubt that the legislature has the power under a general law, applying to every county in the state, to provide for paying justices of the peace a salary, for paying into the treasury the fees chargeable as costs, and for regulating salaries by the classification of counties by population. Such classification is made in regulating the jurisdiction of justices of the peace, and has never been questioned. R. S. 1889, secs. 6122, 6123; *State ex rel. Brown v. Spitz*, 127 Mo. 248.

The power granted to the general assembly to provide for electing justices of the peace in the city of St. Louis implies also the power to deal with the subject to the extent that could be done by a general law. As was said in a recent case: "Legislation which is necessary or appropriate to carry into effect a positive command of the organic law, or is required or directly contemplated by its terms, can not be justly held to be either special or local within the true intent or meaning of the constitution." *Kenefick v. City of St. Louis, supra.* See, also, to same effect, *State ex rel. v. Hughes*, 104 Mo. 459, and *State ex rel. v. Yancy*, 123 Mo. 391, and cases cited.

The legislature, in enacting the provisions here in consideration, was but exercising a power directly contemplated by the constitution. Such provisions are, therefore, constitutional and should be obeyed.

IV. An examination of the act shows that the legislature has omitted to provide for the disposition of such of the fees of justices of the peace as are collected by the constable. On account of this omission plaintiff claims the right to such of his fees.

Section 16 provides that all fees and costs not collected by the constables or their deputies, shall be paid to, and received by, the clerks of said court, and the clerk is required to pay them to the city treasurer. Section 17 requires the clerks to keep accurate accounts of all fees taxed or collected, which shall, at all times, be open to the inspection of the city treasurer. Section 18 requires constables, also, to keep accurate accounts of all costs and fees collected by them subject to like inspection, but it only directly provides for paying to the treasurer, "all such fees as are provided by law for services of constables."

While the act contains no direct and positive provision for disposing of the fees of justices which may be collected by constables, the intent and meaning of the act clearly appears when taken as an entirety, and its purposes are considered. It was evidently intended that the salary provided should be in lieu of fees, and that the fees should be paid to the treasurer. The act takes the place of the general law.

Section 16 requires fees not collected by the constable to be paid to the clerk, "and in no instance paid to, or received by, the justice." That section shows clearly the intention to require all fees of a justice to be paid to the treasurer. Section 18, which requires the constable to pay his fees to the city treasurer, gives no direction as to the payment of other fees such as

those due to witnesses and earned by justices of the peace. In such case the law will necessarily imply that he is to pay them to those entitled thereto, the fees of the witnesses to the witnesses themselves, and the fees of the justices to the city treasurer. This intent is necessarily implied. *State ex rel. v. Angert*, 127 Mo. 456.

Judgment affirmed. All concur.