# CASES DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1907.

---

*(Continued from Volume 205)*

---

## THE STATE ex inf. HADLEY, Attorney-General, v. CORCORAN.

### In Banc, July 2, 1907.

1. **OFFICE: Tenure: Vacancy: Jury Commissioner.** The statute provides that the jury commissioner of St. Louis shall hold his office "for the term of four years from and after the first day of May in the year of his appointment. In case of any vacancy occurring in said office during the term for which any person was appointed thereto, or by expiration of such term, it shall be the duty of the judges . . . to fill said vacancy by the appointment of some person possessing the proper qualifications." *Held*, that the term of respondent, appointed in January, 1904, to fill a vacancy caused by death of the commissioner who had been appointed for a term of four years expiring May 1, 1907, did not expire on May 1, 1907, the date of the expiration of the term of his predecessor, but will expire at the end of four years after May 1st in "the year of his appointment," that is, on May 1, 1908.

2. ———: ———: ———: **Term.** That statute fixes but one term, it matters not what time of the year the appointment is made, and that term is four years from May 1st of the year in which the appointment is made. It does not definitely fix any other term.

206 Sup--1                                                          (1)

3. ———: ———: ———: **Expiration of Term.** Nor does the statute make any distinction between vacancies caused by death, removal, or expiration of term. The term "vacancy" used in the statutes has reference solely to vacancy in the office, and means an office without an incumbent; it does not mean or imply a fractional or unexpired term.

4. ———: ———: ———: **"To Fill Vacancy."** Nor do the words authorizing the judges to "fill such vacancy . . . . occurring in said office" import the filling of the office for the residue of the term. They refer to a vacancy in the office and an appointment to fill such vacancy.

5. ———: ———: ———: **Practical Construction.** While it is the duty of the courts in the interpretation of statutes to give due weight to the practical (not judicial) construction the judges, in filling vacancies, have for years put upon it, yet such practical constructions will not absolutely govern and control; especially, when the intention of the lawmaking power is clearly made manifest, the practical construction must yield to that intention.

6. ———: ———: **Limited by Terms of Appointment.** Notwithstanding the writing evidencing respondent's appointment limited the period he was to serve to the unexpired term of his predecessor, yet, if by the statute his tenure was fixed at a longer period, he cannot be ousted.

7. ———: ———: **Constitutional Limitation to Four Years.** The jury commissioner of St. Louis is neither a county, township, nor municipal officer, and therefore the provision of the Constitution (sec. 14, art. 9) limiting the term of such officers to four years, does not apply.

Quo Warranto.

Writ denied.

*Herbert S. Hadley,* Attorney-General, for informant; *Nagel & Kirby* of counsel.

(1) The act, with emergency clause, was approved April 11, 1879. It will be observed that the act does not in terms say that a jury commissioner shall be appointed in 1879 and every fourth year thereafter, but it does require the appointment of the first commissioner within thirty days from April 11, 1879 (and Ashley Cabell was actually appointed on May 6, 1879)

and fixes his term at four years from and after the 1st day of May, 1879. This is equivalent to fixing a four-year term involving a new appointment every fourth year. State ex rel. v. Pearcy, 44 Mo. 162; State ex rel. v. Stonestreet, 99 Mo. 361; State ex rel. v. Parker, 30 La. Ann. 1182. That no other construction can be given to this act is apparent when we consider its provisions regarding the filling of vacancies. If the term of each appointee is a thing unto itself and has no reference to the beginning or ending of the terms of other appointees, then no force can be given to the provisions in regard to filling vacancies "during the term for which any person was appointed thereto." If each new appointee begins a new term, then there can be, strictly speaking, no vacancy during a term, for the term of his predecessor must have ended when such predecessor died or left the office, and unless we construe the statute as fixing definite terms, the words "during the term" are meaningless. Sherman v. City of Des Moines, 100 Iowa 88. It is further contended that the statute confers no authority for appointments to fill unexpired terms. The statute does not say in so many words that appointments shall be made for unexpired terms, but its provisions do confer such authority. State ex rel. v. Spitz, 127 Mo. 252; State ex rel. v. Burkhead, 187 Mo. 14. (2) As we read it, the context of the statute in question leaves no room for construction. The language is plain and simple and cannot be misunderstood, but even if it be doubtful and susceptible of more than one interpretation, the fact that similar language in a prior statute had received a definite construction, which construction had been acted upon for many years and accepted by the public, will be of great weight in determining the intention of the Legislature. Schawacker v. McLaughlin, 139 Mo. 333; Packard v. Richardson, 17 Mass. 144; Ferry v. Ridge, 56 Mo. App. 615; Venable v. Railroad, 112 Mo. 103;

State ex rel. v. Railroad, 135 Mo. 618; Frazier v. War-
field, 13 Md. 279; Westbrook v. Miller, 56 Mich. 148;
Kelley v. Multnomah Co., 18 Ore. 356; 2 Lewis' Suther-
land on Statutory Interpretation, p. 888.

*Walter B. Douglas* and *H. Chouteau Dyer* for re-
spondent.

(1)   The act of April 11, 1879, expressly provides
that all appointments shall be for the full term.   It
provides:   1.   For the making of the appointment; 2.
When it shall be made; 3.   The period for which the
appointee shall hold office.   Laws 1879, p. 28; R. S.
1899, secs. 6539, 6541; compare, same, secs. 502, 503;
same, secs. 7582, 7596.   The difference in the language
used in these various statutes indicates the purpose
of the Legislature.   Atty.-Gen. v. Brunst, 3 Wis. 787;
State ex rel. v. Westworth, 56 Kan. 298.   The words
"in like manner," as used in the statute, mean equality
and exact correspondence.   State ex rel. v. Pike, 74 N. C.
531; Badger v. Daniel, 79 N. C. 372.   (2)   To create a
term, of which there will remain an unexpired portion
in the event of the death, etc., of the incumbent, the
lawmaking power must prescribe consecutive periods
for the occupation of the office, each with a fixed date
of beginning and ending, following each other in reg-
ular order, the one beginning where the other ends.
The statutes of Missouri create such a term in numer-
ous instances: R. S. 1899, secs. 502, 503; same, secs.
7582, 7596; same, secs. 4698, 4699; same, secs. 4944,
4945; Laws 1903, p. 174, sec. 7; R. S. 1899, sec. 5753;
same, sec. 8872; same, sec. 7624; compare same, sec.
7598; same, sec. 7596.   In each of these cases the Leg-
islature recognizes an unexpired term either by express
words or by necessary implication.   There is no such
recognition in the statute here under consideration.
McAfee v. Russell, 29 Miss. 84; Hughes v. Buckingham,
5 Sm. & M. 632; Sansbury v. Middleton, 11 Md. 296;
People v. Wear, 13 Ore. 385; People v. Burbank, 12

Cal. 373; Crowell v. Lambert, 9 Minn. 283; People v. Townsend, 102 N. Y. 430; State ex rel. v. Spitz, 127 Mo. 252. This statute is unlike any other in the books. There is only one jury commissioner in the State. All appointments are to be made by the same body. The only matter of public policy involved is that it is in the interest of the State that the office shall be filled, so far as possible, for a series of full terms rather than for a number of "unexpired" ones. (3) The length of service of the incumbent being fixed by law, the appointment is for the full term, notwithstanding the fact that it purports to be for less. Stadler v. Detroit, 13 Mich. 346; Hale v. Bischoff, 53 Kan. 301; State ex rel. v. Stonestreet, 99 Mo. 361. (4) This act does not conflict with section 14, article 9, of the Constitution, which limits the terms of certain county, township and municipal officers to four years. (a) The jury commissioner is not a township officer. Constitution, art. 9, sec. 8. (b) The jury commissioner is not a municipal officer. Sec. 12 of Scheme; Constitution, art. 9, sec. 7. (1) He is not concerned in municipal affairs. 1 Dillon's Municipal Corporations, sec. 58; People v. Hurlbut, 24 Mich. 44; State ex rel. v. Valle, 41 Mo. 39. (2) He is not appointed by municipal authorities. Britton v. Steber, 62 Mo. 374; State ex rel. v. Meier, 96 Mo. App. 160. (c) The jury commissioner is not a county officer. 1. By the terms of the act he is to be appointed only in certain cities. 2. The office is not one historically connected with counties like, for example, the sheriff and the coroner. 3. The office has no constitutional connection with counties as, for example, the probate court. Henderson v. Koenig, 168 Mo. 367; State ex rel. v. Washburn, 167 Mo. 680. 4. The officer has no connection with county business. His duties are limited by city boundaries, even though the city may be part of a county. Sec. 8 of Art. 5. The word "county" as used in article 9, section 14, does not em-

brace the city of St. Louis. Cons. art. 6, sec. 37; Cons. art. 11, sec. 25; State ex rel. v. Walton, 69 Mo. 556; Spaulding v. Brady, 128 Mo. 653.

FOX, J.—This is a proceeding by information in the nature of *quo warranto* filed by the Attorney-General to test the right of respondent to the office of jury commissioner of the city of St. Louis. There is no dispute as to the facts in this controversy, hence there is no necessity for setting out in detail the agreed statement of facts disclosed by the record. The respondent in this case very clearly states the facts applicable to the question involved in this controversy.

On April 2, 1903, the expiration of the term of the then jury commissioner of the city of St. Louis occurring on May 1, 1903, the judges of the said city duly appointed John G. Prather to said office; Col. Prather duly qualified and entered upon the performance of the duties of the office on May 1, 1903, and continued to perform the same until December 27, 1903, at which time he died; because of the vacancy thereby created, the respondent herein was, on January 5, 1904, appointed as such jury commissioner in accordance with the provisions of sections 6539 and 6541, Revised Statutes of Missouri, 1899; the appointment was made in writing as required by statute, and in said writing it was stated that the respondent was "to hold and to exercise the duties of said office for the remainder of the term of the said John G. Prather, deceased, late jury commissioner, which said term was for a period of four years from and after the 1st day of May, 1903." The respondent duly qualified and entered upon the discharge of his duties under such appointment, and continued to discharge the same. On April 26, 1907, the said judges undertook to appoint one George B. Teasdale as jury commissioner in place of the respondent, for a term beginning May 1, 1907. Acting under such

appointment, the said Teasdale took the oath of office as prescribed by law, and did on May 1, 1907, endeavor to take possession of said office of jury commissioner, and the books, papers and paraphernalia pertaining thereto, but the respondent refused to allow the said Teasdale to take possession thereof and has himself remained in possession and claims the right to continue therein and to exercise the duties thereof.

The act of April 11, 1879 (Laws 1879, p. 28, R. S. 1899, secs. 6539 and 6541) provides:

"In every city in the State of Missouri, having over one hundred thousand inhabitants, it shall be the duty of the judge or judges of the court or courts having general jurisdiction of civil causes within such city, together with the judges of the court having jurisdiction within such city in cases of felony, or a majority of all such judges, to appoint, within thirty days after the passage of this act, and at such other times as hereinafter authorized, a suitable person, who shall, for at least five years next preceding his appointment, have been a resident of such city, to be jury commissioner for said city.

"Such appointment shall be made in writing and signed by the judges making the same. . . . The person so appointed shall hold said office for the term of four years from and after the first day of May in the year of his appointment, unless he shall sooner cease to reside in such city, or become otherwise disqualified or be removed from office. . . . In case of any vacancy occurring in said office of jury commissioner, during the term for which any person was appointed thereto, or by expiration of such term, it shall be the duty of the judges, for the time being, of the courts mentioned in the first section of this act, or a majority of them, without delay, to fill such vacancy by appointment of some person possessing the proper qualification hereunder, in like manner as hereinafter provided."

This sufficiently indicates the nature and character of this controversy as well as the legal questions involved. It is manifest that there is but one proposition confronting us for consideration, that is, whether or not under the act of April 11, 1879 (Laws 1879, p. 28), which is now article 23, chapter 91, Revised Statutes 1899, the appointment of respondent was for a full term or simply for the unexpired portion of a term.

## OPINION.

It is manifest from the disclosures of the record herein indicated that this controversy sharply presents the question as to the length of the term of the office of jury commissioner in the city of St. Louis, as well as the length of time for which an appointment might be made in filling a vacancy in such office, under the provisions of the statute. The solution of the proposition submitted to our consideration must be sought by a fair and reasonable interpretation of the provisions of the statute applicable to that subject. It is therefore important that we keep in mind the provisions of the statute pertinent to the main subject, that of jury commissioner in cities possessing the required number of inhabitants; therefore, we will be pardoned for reproducing in their entirety the two sections treating of that subject. We quote the sections as embraced in the revision of 1899, which is simply a reproduction of the act approved April 11, 1879.

Section 6539, Revised Statutes 1899, provides: "In every city in the State of Missouri having over one hundred thousand inhabitants, it shall be the duty of the judge or judges of the court or courts having general jurisdiction of civil causes within such city, together with the judge or judges of the court having jurisdiction with such city in cases of felony, or a majority of all such judges, to appoint, within thirty days after the passage of this article, and at such other times

as hereinafter authorized, a suitable person who shall, for at least five years next preceding his appointment, have been a resident of such city, to be jury commissioner for said city.''

Section 6541 provides that ''such appointment shall be made in writing, and signed by the judge making the same. A copy thereof shall be forthwith entered of record in each of the courts mentioned in section 6539 of this article, and a certificate of such record appended to said original by the clerk, and under the seal of each of said courts; and thereupon the said original shall be delivered by the clerk last certifying such record thereof, to the register of said city, by whom the said original shall be filed and preserved in his office, as other official papers in his custody. The person so appointed shall hold said office for the term of four years from and after the first day of May in the year of his appointment, unless he shall sooner cease to reside in such city, or become otherwise disqualified or be removed from office. A majority of the judges, for the time being, of the courts mentioned in section 6539 of this article, shall have power, at any time, to remove such jury commissioner from his said office for any cause by them deemed sufficient, by a writing under their hands, declaring the fact of such removal: Provided, that a copy of such writing shall be forthwith entered of record in each of said courts, by order thereof, respectively, and the original thereof being certified as above provided, in respect of the original appointment, shall, in like manner, be filed with and preserved by the register of such city; and from the time of such filing thereof it shall be unlawful for the person so removed to exercise any duty or function of said office. In case of any vacancy occuring in said office of jury commissioner, during the term for which any person was appointed thereto, or by expiration of such term, it shall be the duty of the judges for the

time being of the courts mentioned in section 6539 of this article, or a majority of them, without delay, to fill such vacancy by appointment of some person possessing the proper qualifications hereunder, in like manner as hereinbefore provided.''

In their commendable efforts in aid of this court to correctly as well as promptly determine the propositions confronting us, counsel for relator and respondent have favored us with a very strong and able presentation of their views upon the subject in controversy. In fact the briefs of counsel have said about all that can be said upon the subject, and this proceeding might very appropriately be disposed of after a careful consideration of the briefs now before us by simply announcing our conclusions upon the interpretation of the provisions of the statute herein designated respecting the subject involved in this controversy. However, it may be deemed more satisfactory to at least briefly give some expression of our views supporting the ultimate conclusions reached.

The opposing contentions of relator and respondent may thus be briefly stated:

First. It is insisted by relator that, under the provisions of the statute creating the office of jury commissioner and regulating his appointment to such office, the term of occupancy of such office is a fixed term, that is, for a period of four years, the term commencing on the first day of May in the year of his appointment and ending four years thereafter.

Second. It is next contended by relator that any vacancy occurring in such office by removal, death or resignation during the fixed term of four years, the judges of the courts authorized to make appointments have authority only to fill such vacancy for the unexpired term, and that the respondent in this proceeding is only entitled to retain the office of jury commissioner

and discharge the duties thereof during the unexpired term of John G. Prather, deceased.

Third. On the other hand the respondent insists that the term is not a definitely fixed term of office, for the reason that. the terms of the statute are not reasonably susceptible of the interpretation that the term of occupancy commences on the first day of May, but that such statute contemplates if occasion requires for the judges to make an appointment to fill any vacancy in the office of jury commissioner, that such appointment may be made prior or subsequent to the first day of May and that the term of office commences with the appointment to fill such vacancy, and that the terms of the statute "shall hold such office for the term of four years from and after the first day of May in the year of his appointment," were not intended to mean that the term of each appointee should begin on the first day of May, but simply the designation of a date from which it might be ascertained when the term (whether such term commenced either prior or subsequent to the first day of May) would expire.

Fourth. It is also earnestly insisted by respondent that in contemplation of the provisions of the statute concerning the office of jury commissioner there is no such thing as an unexpired term, and no provision made for appointment to fill an unexpired term. While the statute expressly provides for the filling of vacancies, yet it has provided but one period of time at which the office should be filled, no matter on what occasion the appointment was made.

Finally, it is insisted by the relator that if the statute is to be given the interpretation contended for by the learned counsel for respondent, that is, that the appointment of respondent was duly authorized under the provisions of the statute for a term beginning January 5, 1904, and ending April 30, 1908, then the statute violates section 14 of article 9 of the Constitution of Mis-

souri, which prohibits the appointment of county, township or municipal officers for a term exceeding four years.

We repeat that the legal propositions suggested by the contentions of counsel for relator and respondent as above indicated, must find their proper and correct solution in a careful analysis of the provisions of the statute regulating and controlling the subject in hand. The appointment of the jury commissioner is a matter which must be governed by the provisions of the statute, and if the contention of relator that the respondent is only entitled to discharge the duties of the office of jury commissioner for the unexpired term of John G. Prather, deceased, can be maintained, the reason for the correctness of such contention must be found in the provisions of the statute controlling and regulating such office. After a most careful consideration of the very able presentation of this subject by counsel on both sides we are unwilling to give our assent to the insistence of the relator. In our opinion the provisions of the two sections of the statute as herein indicated, respecting the office of jury commissioner in the city of St. Louis, did not authorize the judges of the court designated in the act to appoint a jury commissioner to fill an unexpired term. This conclusion is reached from the terms employed by the lawmaking power in the enactment of the statute. No one can read the statute with which we are dealing, and its provisions must be our principal guide in the determination of this question, carefully analyzing it, and escape the conclusion that there is an absolute failure on the part of the Legislature to in any way recognize a fractional or unexpired term in the office of jury commissioner. It is true that this statute does recognize that the office of jury commissioner may become vacant, that is, without any legally authorized incumbent; that such vacancy may occur during the term for which

:some person was appointed, by reason of death, resignation, removal from office or by the expiration of the term.

It is well to keep in mind the exact language of the provisions of that statute. In treating of the subject of vacancies this language is used: "In case of any vacancy occurring in said office of jury commissioner during the term for which any person was appointed thereto, or by the expiration of such term, it shall be the duty of the judges . . . to fill such vacancy by appointment of some person possessing the proper qualifications hereunder, in like manner as hereinbefore provided." It cannot escape observation that the statute makes no distinction between the vacancy occasioned by the death, resignation or removal from office by the incumbent occurring during the term, and the vacancy occasioned by the expiration of the term, and there is an absolute failure on the part of the lawmaking power to indicate any distinction in the method of filling such vacancy. While it is true that the statute recognizes that vacancies may occur in the office of jury commissioner, yet it is manifest that whether such vacancy occurs by reason of death, resignation or removal from office, or by the expiration of the term, they are both simply vacancies, and the terms of the statute have prescribed but one manner of appointment and for but one length of time, and that is the time specified in the act. There is an entire absence of any language in the provisions of the statute which is susceptible of the construction that the power of the judges is in any way limited or curtailed by reason of the manner in which the vacancy occurred. The power and authority to make the appointment springs from the statute and the statute nowhere indicates any distinction between these vacancies, but just the reverse, after describing how the vacancy might occur it expressly prescribes one manner of appointment and directs that the person

shall possess the qualifications required by the statute, and that the appointment shall be made in like manner as hereinbefore provided. In other words, in our opinion the only fair and reasonable interpretation of this statute is that where a vacancy occurs, whether by reason of death, resignation, removal from office during the term of the incumbent, or by the expiration of the term, it is the duty of the judges to fill such vacancy in accordance with the command of the statute, that is, "in like manner as hereinbefore provided." We take it that under the terms of the statute all distinctions between vacancies occurring are annihilated, and that whenever a vacancy occurs the power and authority of the judges is invoked to fill such vacancy, and whether such vacancy is occasioned in one way or the other, as is contemplated by the statute, they stand upon the same footing, and the judges proceed to exercise their power and authority to fill such vacancy in the only manner prescribed by the statute and for the length of time therein specified, for which they have the power and authority to make the appointment.

Learned counsel for relator partly predicate their insistence upon the authority of the judges to appoint only for an unexpired term, upon the contention that the term of the jury commissioner is definitely fixed, and that under the provisions of the statute the term begins on the first day of May and that he holds the office for the fixed period of four years. We are unable to agree with counsel upon this contention. The statute pertaining to this particular question reads in this way: "The person so appointed shall hold such office for the term of four years from and after the first day of May in the year of his appointment, unless he shall sooner cease to reside in such city, or become otherwise disqualified or be removed from office." It is clearly manifest from the terms employed in this statute that the lawmakers contemplated that a term might begin

either prior or subsequent to the first day of May. It undertakes to designate the length of time the incumbent may hold the office from a certain fixed date, but the language employed does not fix the date when he shall commence to hold the office, otherwise than from the date of appointment. The judges are authorized to make the appointment and after such appointment is made and the jury commissioner qualifies his term commences, whether such appointment is made prior or subsequent to the first day of May. The language employed in this statute recognizes the year in which the appointment is made and the designation of the first day of May is by no means for the purpose of fixing the commencement of the term, but is simply for the purpose of fixing the date by which it might be ascertained when such term expires. In other words, if there is a vacancy in the office of jury commissioner in the city of St. Louis and such vacancy is filled by appointment one, two, three, or any number of months before the first day of May in the year of such appointment, such appointee would be entitled to hold office for four years from and after the first day of May in the year of his appointment. So on the other hand if a vacancy should occur subsequent to the first day of May and such vacancy was filled by appointment, the term of such appointee would expire four years from the first day of May in the year of his appointment. Therefore, we are of the opinion that it is apparent that this statute does not definitely fix the term of office of the incumbent.

The proposition disclosed by the record in this proceeding has never been in judgment before any of the appellate courts of this State; however, the principle involved has had the careful consideration of the appellate courts in some of the other states. In Sansbury v. Middleton, 11 Md. 296, the question of the true significance of the term "vacancy in office" was

sharply presented to the Court of Appeals of the State of Maryland. The controversy in that case arose under the provisions of the 14th section of the Constitution which provided that "a clerk shall be elected in each county and shall hold his office for the term of six years from the time of his election. In case of a vacancy in the office of a clerk, the judge of the court of which he was a clerk, shall have power to appoint a clerk until the general election of delegates held next thereafter, when a clerk shall be elected to fill such vacancy." The facts briefly stated in that case were that a clerk elected under the provisions of the Constitution, during the term for which he was elected, died, thereby occasioning a vacancy in the office. The circuit judge in accordance with the provisions of the Constitution filled such vacancy by appointment, the appointee acting as clerk of the circuit court for the county until the November election in 1855, when Charles S. Middleton, the respondent in that proceeding, was elected clerk by the people of the county. He was commissioned and qualified as such and claimed to hold the office for the full term of six years from the date of his election. At the next subsequent election John H. Sansbury was elected clerk and he by virtue of his election, in compliance with the requisites of the Constitution, claimed the possession of the office. The claim in that proceeding by Sansbury, the relator, was that the respondent, Middleton, under the express terms of the Constitution was only elected to fill a vacancy which had been occasioned by the death of the previously elected clerk. The contention of the respondent was that he was elected for the entire term, six years, and that the term vacancy used in the Constitution had sole reference to the vacancy in the office and had no application to a fractional or unexpired term. In that proceeding learned counsel for plaintiff insisted that the term of the respondent, by virtue of his election, was limited to the unexpired

State ex inf. v. Corcoran.

term of his predecessor who had died and it was earnestly insisted that this limitation was to be found in the latter clause of the section of the Constitution of Maryland which provided for a case of vacancy in the office and after authorizing a temporary appointment by the court to continue until the next general election of delegates directed that a clerk shall then be elected to "fill such vacancy." BARTOL, J., speaking for the court, very clearly announced the views of the court upon that proposition. He said:

"The argument on the part of the appellant is, that the use of the term vacancy necessarily supposes an unexpired term; and that to fill such vacancy, without other words, imports the filling of the office for the residue of such term. This construction is not warranted either by the words of the section, or by any general and prevailing intent, to be discovered in any other part of the Constitution. It is true that the word *vacancy,* when used in written constitutions with reference to a public officer, sometimes signifies *an unexpired term;* but that is not necessarily so. It often relates merely to the office, without reference to the term; and, in this case, the very words of the section under consideration, so limit and define it. The case provided for, is a vacancy *in the office of clerk,* and the election is to fill *such vacancy.* What vacancy? Clearly in the *office,* not in the term.

"The correctness of this construction, sufficiently obvious from the words of the section itself, is placed beyond all doubt or difficulty, when we examine the other parts of the Constitution. Wherever provision is made for filling a vacancy in an office, for the residue of an unexpired term only, appropriate words are used to express that intention, and the absence of any such words in the latter clause of the 14th section of the 4th article, is a plain indication of the intention of the

framers of the instrument, that whenever a vacancy in the office of clerk is filled by a popular election, the person so elected shall hold for the whole term of six years, as fixed in the Constitution. This view is sanctioned by precedent and authority.''

In support of the conclusions reached in the Maryland case the learned judge cited a New York case and thus comments upon it: ''In the Constitution of New York was the following clause: 'Sheriffs and clerks of counties, including the register and clerk of the city and county of New York, shall be chosen by the electors of the respective counties once in every three years, and as often as vacancies shall happen; and the Governor may remove any such sheriff, clerk or register, at any time within the three years for which he shall be elected.' Under this clause a sheriff was elected to fill a vacancy, and the Supreme Court of New York decided that the sheriff so elected held for the full term of three years. [People v. Green, 2 Wend. 266.] In that case, as in this, it was argued that the election to fill a vacancy necessarily imported a tenure for an unexpired term. But the Hon. WM. L. MARCY, then judge, who delivered the opinion of the court, uses the following language: 'Green was elected, as I understand the provision, to fill the vacant office, and not merely to serve out the vacant term of his predecessor. I am inclined to think that a diversity of opinion on this subject has arisen from the different applications of the term ''vacancies'' in the section of the Constitution which we are considering. It has been sometimes applied to the office as contradistinguished from the term of service, and at others to the term of the office. I understand it is applicable to the office alone. When Green came into the office, he took it with all the rights, powers and incidents belonging to it, under any circumstances, one of which was a tenure of three years.' ''

The law applicable to the subject now under dis-

cussion is nowhere more clearly stated than in State
ex rel. v. Ware, 13 Oreg. 385. This case very exhaust-
ively treats of the subject of office, terms of office and
vacancies. As this is a very important case we will be
pardoned for the length of the quotation from that
case. It was there said:

"An office is defined to be the right to exercise a
public or private employment, and to take the fees or
emoluments thereunto belonging. [2 Bla. Com., 36].
It is said to be a public station or employment, confer-
red by the appointment of government. [United States
v. Hartwell, 6 Wall. 393; Abbott's Law Dict. Tit. Of-
fice.] In theory of the common law, the king was the
source of all power, and the disposer of offices. All.
public offices were granted by him on the condition of
good behavior, and no public office could be granted
for years or a term. [Jacob's Law Dict. Tit. Office.]
From whatever cause a vacancy might occur in a pub-
lic office, the office reverted to the king, to be again
filled, or granted by him for life, conditioned on good
behavior, or *durante bene placito*. As a consequence,
there could not be a vacancy in the term of a public
officer. At common law, therefore, vacancy, *ex vi ter-
mini,* means vacancy in office, and not in the term; and
this is ordinarily the meaning attached to the word.
When a vacancy is spoken of, we mean that the office is
empty, that it is without an incumbent who has a right
to exercise its functions and take its fees or emolu-
ments.

"In this country, where written constitutions pre-
vail, the great majority of public officers are elective,
having a fixed term, for a prescribed number of years,
with varying provisions as to filling vacancies. The
term of an office is said to be a fixed period prescribed
for holding the office (People ex rel. v. Brundage, 78
N. Y. 407) and is the estate or interest which the in-
cumbent has in it. [2 Bla. Com. 144.] When a vacancy

happens by death, resignation, or removal, the term is gone, and the office reverts, as at common law, not to the king, but to the people, to be again filled, upon like conditions, for the full term prescribed, unless by express provision or manifest intent the Constitution has limited or restricted the term of the new incumbent. Whether, therefore, the vacancy is in the office as at common law, and reverts to the people to fill for the full term prescribed; or, so to speak, the vacancy is in the term, and limited to filling for the unexpired portion thereof, is made to depend upon the intent of the framers as expressed in the Constitution. But when the Constitution fixes a definite term of office, as for six years, without any limitation or reference whatever to unexpired terms, when a vacancy occurs, the common law acceptation, meaning vacancy in office, must be received and applied in the construction, and, when filled, the incumbent is vested with a full term of six years.''

In State ex rel. v. Wentworth, 55 Kan. 298, the proposition as to the tenure of office of the superintendent of the asylum for the insane at Osawatomie was involved. This office and the tenure of it was governed by section 3 of the act in reference to such asylum, of the general statutes of that state of 1889. It provided that ''each insane asylum shall have a superintendent, an assistant superintendent, steward and matron, who shall be chosen by the board of trustees, and shall hold their office for the term of three years.'' Under the provisions of that section the superintendent was elected by the board; finally there was a vacancy in such office by reason of the resignation of the superintendent during one of the terms for which he was appointed. The record of the board then shows that the respondent, Dr. L. F. Wentworth, was chosen and the record discloses that in the minutes he was to fill the unexpired term of his predecessor, ending June 30, 1894. In 1894, Dr. C. H. Wetmore was chosen by the

board and he was declared elected superintendent for the full term of three years, as provided by the statute regulating such appointment. He immediately qualified and demanded possession of the office, but Dr. Wentworth,who had been appointed simply to fill the unexpired term of his predecessor, refused to vacate the same and the proceeding in that case was brought for the purpose of ousting him. The contention on the part of the relator in that case was the same as in the case at bar, that the respondent was simply filling a vacancy that occurred during the term and that he was only appointed to fill an unexpired term. On the other hand the respondent made the contention, as the respondent does in the case at bar, that the lawmaking power, so far as this particular office was concerned, failed to recognize any fractional or unexpired term, and that an appointment under the statute was for the full time as specified in the act. Chief Justice MARTIN, speaking for the court in that case upon the record before him, thus disposed of it. He said: "We cannot give this act the interpretation suggested on the part of the State, which would, in our opinion,violate, rather than carry into effect, the will of the Legislature, as expressed in plain words. If this were allowable on any supposed ground of public policy, as to the terms of these officers, yet we could not find any ground on which to base an argument that the public interest would be in any way promoted by the creation of fractional terms by judicial construction. We are aware of no reason that would forbid the appointment of officers for the Topeka and Osawatomie asylums at different times, nor that would require the choosing of the four officers of either institution at the same time. The statement of facts shows that the board of trustees has not kept the triennial terms distinct, nor uniform, even, as to the Osawatomie asylum. The circumstance that where the Legislature has seen fit to recognize vacant

fractional terms it has expressly provided for the filling of the places for the unexpired terms, furnishes a strong reason for holding that where they have not done so it was intended and deemed best that the officer, at whatever time appointed, should hold his office for the term prescribed by the statute; and that if he should vacate the place before the expiration of that time, this should not shorten the term of the next incumbent. In other words, when one goes into office by virtue of an appointment under this statute, he has a right to fill it for the prescribed period, but if he quits, his term ends, and a new one begins when the appointment of his successor takes effect. And this doctrine is sustained by the great weight of authority.''

To the same effect is the case of Attorney-General v. Brunst, 3 Wis. 787. In that case the court particularly pointed out the important significance of the action of the lawmaking power that, in all cses in which it was deemed advisable to provide for the filling of vacancies by a limitation to the unexpired term, it was so provided, and the failure to so provide in other cases of vacancies. The court in that case thus expressed its views: ''In all cases in which it was deemed desirable by the convention to provide for the filling of vacancies by a limitation to the unexpired term of the late incumbent, it seems to have been carefully provided for; and from the fact that the convention did so express their intention in these cases, and failed to do so in others, it is apparent that their omission so to do in the latter was not accidental but designed, and the maxim *expressio unius exclusio alterius* should be most critically applied.''

So it may be said as applicable to the case at bar, that the General Assemblies of this State are quite familiar with vacancies in terms of office, and no one can review the revision of 1899, and note the numerous

instances in which it is expressly provided that if vacancies shall at any time occur the same shall be filled by appointment for the unexpired term, without concluding that such assemblies were fully aware of the essential terms to be employed in a statute for the purpose of limiting the occupancy of the incumbent to the unexpired term. Therefore, considering the familiarity of the lawmaking power with the provisions of the statute creating offices, fixing terms and providing for appointment for fractional or unexpired terms, it is certainly quite significant, in view of the comparatively recent revision of 1899, when all of these statutes were before the General Assembly for revision, that they failed not only to provide for the filling of unexpired terms in the office of jury commissioner in the city of St. Louis, but absolutely failed to recognize, in any way as respects that office, that there was any such thing as a fractional part or unexpired term.

It is next insisted by learned counsel for relator that the act of April 11, 1879, and the acts of March 3, 1857, and November 14, 1857, amendatory thereto, as applicable to the term of jury commissioner, are substantially the same and that the appointing power, that is, the judges of the courts as herein indicated, in the exercise of such power, have given the provisions of the statute, both of 1857 and the statute of 1879 which repealed the prior provisions of the law, a practical construction by exercising the power of appointment, limiting the term of the appointee to the unexpired term of his predecessor, and that this practical construction should now govern and control the court in the interpretation of the true meaning of the statute now under discussion. It may be conceded that some of the features of the acts are substantially the same; however, there is a very material difference in the employment of the language as applicable to the filling of vacancies.

Section 2 of the amendatory act of 1857 (Laws 1857, p. 487), provides that, "Nothing in said act contained shall be so construed as to prevent the judges named in the first section thereof from making an appointment at any time to fill a vacancy occurring in the office of jury commissioner." Section 3 of the act of 1879 as applicable to vacancies, provides that, "In case of any vacancy occurring in said office of jury commissioner during the term for which any person was appointed thereto, or by expiration of said term, it shall be the duty of the judges, for the time being, of the courts mentioned in the first section of this act, or a majority of them, without delay, to fill such vacancy by appointment of some person possessing the proper qualifications hereunder, in like manner as hereinbefore provided."

It cannot escape observation that the very change in the employment of the language as made in the act of 1879 is what makes manifest the intention of the Legislature to make it clear that there is no distinction between vacancies occurring under the provisions of this statute; that a vacancy is simply a vacancy whether it occurs during the term by death, resignation or removal, or by expiration of the term; therefore under this state of facts it will not do to assume that the Legislature, in the passing of the act of 1879, failed to express more definitely its intention as to the power of the judges to make appointments for an unexpired term in the office of jury commissioner, simply upon the ground that the judges had given a practical construction to their power of appointment under the act of 1857, or under such circumstances to indulge the presumption that the Legislature in 1879 in passing the act now in judgment before us, intended that the language of the present act should be given the same construction as that given the act of 1857 by the judges of the courts who exercised the appointing power under that act.

In view of the generally recognized course of legislation, as is thoroughly demonstrated by a review of the statute, of the many provisions enacted upon the subject of creating offices, fixing terms and providing definitely for the filling of unexpired terms, in our opinion it is unreasonable to say that the Legislature in the enactment of the statute now under consideration, ever indulged or even thought of a presumption that this act would receive a similar construction as that given the act of 1857 by the judges who exercised the appointing power. We confess that it would be a strange course of legislation to pursue as to all other offices created by the Legislature, to definitely give expression of the power of appointment to fill a fractional or unexpired term, but as to the office of jury commissioner, notwithstanding it could have easily been made definite, the exercise of such important power must be left to mere guess work or the indulgence of presumption in reaching the conclusion that the power to limit the term of an appointee to the office of jury commissioner to that of an unexpired term, was in fact contemplated by the provisions of the statute.

We repeat, that for the power of appointment to fill vacancies in the office of jury commissioner we must look to the provisions of the statute, and in our opinion the statute must be construed to mean what it says, that if a vacancy occurs during the term or at the expiration of the term, it is still a plain vacancy in the office, susceptible of no distinction as to how such vacancy occurred, whether by removal, death or resignation, or by reason of the expiration of the term, and the power and authority of the judges to fill such vacancy is definitely expressed by the terms of the statute, and their power and authority to fill such vacancy is not in any way limited or curtailed by reason of the particular manner in which the vacancy occurred, and there is no power granted to limit the term of occupan-

cy of the appointee otherwise than that expressed in the statute. This statute has never had any judicial construction, and while it may be conceded that it has had the practical construction given to it by those who are to exercise the authority of the appointing power, and it may also be conceded that it is the duty of the courts in the interpretation of statutes to give due weight to those practical constructions, even not of a judicial character, yet it will not seriously be contended that such constructions should absolutely govern and control in the interpretation of any given statute; at least, when the intention of the lawmaking power is clearly made manifest, the practical construction should yield to the intention of the Legislature so expressed.

Upon the proposition disclosed by the record, that the appointment of the respondent to the office of jury commissioner was limited by the terms of the appointment to the unexpired term of his predecessor, it is sufficient to say that there seems to be no dispute between counsel for relator and respondent as to the proposition that if the length of service of the incumbent is fixed by law the appointment is for the full term, notwithstanding it purports to be for less. This proposition was expressly decided in Stadler v. Detroit, 13 Mich. 346, and Hale v. Bischoff, 53 Kan. 301.

This brings us to the final contention of the relator, that if the provision of the statute controlling and regulating the office of jury commissioner is to receive the construction as contended for by the respondent, then it is in violation of the provision of section 14 of article 9 of the Constitution of 1875, which provides that, "except as otherwise directed by this Constitution the General Assembly shall provide for the election or appointment of such other county, township and municipal officers as public convenience may require; and

their terms of office and duties shall be prescribed; but no term of office shall exceed four years.''

It is sufficient to say upon this proposition that in our opinion the jury commissioner of the city of St. Louis is neither a county, township nor municipal officer within the purview of the constitutional provision herein indicated, and even though the statute in judgment now before us should authorize the appointment of a jury commissioner, whose terms of office might, under certain circumstances, exceed the period of four years, it would not be in conflict with that provision of the Constitution.    [State ex rel. v. Valle, 41 Mo. 29; Dillon on Munic. Corp. (4 Ed.), sec. 58; Britton v. Steber, 62 Mo. 374; State ex rel. v. Meier, 96 Mo. App. 160; State ex rel. v. Walton, 69 Mo. 556; Spaulding v. Brady, 128 Mo. 653; State ex inf. v. Washburn, 167 Mo. l. c. 691-2.]

In reaching the conclusions as herein indicated upon the legal propositions disclosed by the record, we have not been unmindful of the authorities cited by learned counsel for the relator.    We have carefully considered them, but in our opinion they fail to support the contentions so earnestly and ably presented by the relator.    The cases to which our attention is directed, State ex rel. Atty.-Genl. v. Pearcy, 44 Mo. 159, and State ex rel. Withers v. Stonestreet, 99 Mo. 361, treat of sections of the statute fixing the terms of certain officers under which there were other sections applicable to such officers expressly providing that in case of a vacancy the term of the appointee should be limited to the filling of the unexpired term.    It is, therefore, apparent that the discussion of the question in the cases referred to can add no force or strength to the insistence of the relator in the case at bar.

In conforming to the statute governing and regulating the appointment of jury commissioner in the city of St. Louis and the filling of vacancies occurring in

such office, we are unable to discover that any question of public policy by the State is involved in making the appointment of jury commissioner and the filling of vacancies in such office, and manifestly there is no uniformity of terms to be considered such as is discussed in many of the authorities concerning the election of officers in which a definite term is fixed.

We have thus given expression to our views upon the propositions presented to our consideration in the record before us, which results in the conclusion that the writ of ouster sought in this proceeding should be denied and the proceeding dismissed, and it is so ordered.

All concur.

