# THE STATE ex rel. GRANITE BITUMINOUS PAVING COMPANY v. CITY OF ST. LOUIS et al.

### In Banc, June 28, 1913.

1. **MANDAMUS: Validity of Tax Bill: Improvidently Issued.** The writ of mandamus should not be issued by the Supreme Court where the only question at issue is the validity of a special tax bill issued by the city of St. Louis in an unimportant matter of improving a public street. The writ is not one of right, but one resting in a wise legal discretion, and the exercise of a sound discretion does not demand its issuance in an unimportant matter, in which the parties have an ample remedy in another forum.

2. ———: ———: ———: **This Case.** The street to be improved runs north and south and crosses a private park 110 feet wide, which runs east and west, and which the plat declares "is a private place laid out for the exclusive use and benefit of the parties fronting thereon." The lots front on this private park, and run back to alleys. Those on the south are 190 feet from the alley to the center of the park, and those on the north are 200 feet from the alley to the center of the park. Lots which have been sold were sold as running to the center of the park, but the tax bills describe the lots on the south as having a depth of 135 feet from the alley to the south line of the park, and those on the north as having a depth of 145 feet from the alley to the north line of the park; and the only question is, should the lots have been assessed as extending from the alleys to the center of the private park, or as extending from the alleys to the outer line of the park? *Held*, that an alternative writ, issued by the Supreme Court, to compel the city to issue new tax bills in lieu of those already issued, was improvidently issued, and a peremptory writ should be denied, without prejudice.

Mandamus.

WRIT DENIED.

*Sturdevant & Sturdevant* for relator.

*William E. Baird* and *Truman P. Young* for defendants.

GRAVES, J.—The city of St. Louis passed an ordinance to improve Marcus avenue between Bell avenue and Cook avenue in Lewis & Marshall's subdivision in said city. Marcus avenue runs north and south and crosses what is known as Lewis Park, a private way, 110 feet in width, which runs east and west from Taylor avenue to Walton avenue. On the plat this place is thus dedicated.

"Lewis Park from Taylor avenue to Walton avenue, 110 feet wide, is a private place laid out for the exclusive use and benefit of the parties fronting thereon."

This 110-foot strip is divided into three parts, the south thirty-five feet is called South Lewis Place, the center forty feet is called Lewis Park, and the north thirty-five feet North Lewis Place. The lots on both the north and south sides of this 110-foot park or private way front upon the private way and have an alley way in the rear. On the south side of Lewis Park the lots have a depth of 190 feet from the alley to the center of Lewis Park, and those on the north side have a depth of 200 feet from the alley to the center of Lewis Park. Lots which have been sold were sold as running to the center of Lewis Park, or to the center of this 110-foot private way. Those unsold are being offered for sale in the same way. When the tax bills were issued by the city those lots on the south side of

Lewis Park were described as having a depth of 135 feet instead of 190 and those on the north side were described as having a depth of 145 feet instead of 200 feet. It will be observed that this excludes from such tax bills Lewis Park or any portion thereof.

The present action is one of mandamus to compel the city to issue new tax bills in lieu of those heretofore issued. It should be stated that the city treated that portion of Lewis Park, within the taxing district, and to the west of Marcus avenue, as a lot abutting on Marcus avenue, and issued a tax bill covering the tract. Relator thus states the question this court is asked to solve:

"The legal question presented here is, therefore, this: Under the construction of the charter as to the manner of issuing tax bills in such cases, should the lots have been assessed as extending to the center line of Lewis Park, as contended by the relator, or were they correctly issued in the form delivered to the relator and as described above—of lesser depth—and with said Lewis Park segregated and made the subject of a separate tax bill?"

With the view we have of this case no further statement need be made.

In our judgment our alternative writ of mandamus was imprudently issued in this case. We have, with much patience, determined in advance the validity of many tax bills in the city of St. Louis, but it is time for us to call a halt. It should be said however, that the questions in previous cases were of much graver moment than the few tax bills involved here.

**Mandamus: Unimportant Case.**

We have the right to issue writs of mandamus, but every little contention should not set this branch of our legal machinery in operation. A wise discre-

tion should always be exercised. This writ is not a writ of right, but one resting solely in a wise legal discretion. [State ex rel. v. Bridge Co., 206 Mo. 1. c. 136, and authorities there cited.] The scope of the present controversy is so narrow and unimportant that a sound discretion did not demand the issuance of our alternative writ. The circuit courts are open for all such minor contentions, and this court must draw a line somewhere. The parties are not left without a remedy, but have at least one forum where all their rights can be fully and adequately adjudicated. The small amount of tax bills herein involved can be safely adjudicated elsewhere, and the case is not one which cries out for relief here. Let the peremptory writ be denied without prejudice, and thus leave the parties with full right to go to some other forum. All concur.