## No. 35,439

CLYDE O. TRESNER, *Plaintiff*, v. JOHN F. REES, *Defendant*.

(119 P. 2d 511)

Opinion filed December 6, 1941.

*Mark L. Bennett,* of Topeka, for the plaintiff.

*Edward Rooney* and *Jacob A. Dickinson,* both of Topeka, for the defendant.

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, as *amici curiae.*

The opinion of the court was delivered by

ALLEN, J.: This is an original action in quo warranto to oust the defendant from the office of commissioner of elections in the city of Topeka.

Plaintiff in his petition alleges that the governor of the state of Kansas, in conformity with G. S. 1935, 13-309, duly appointed plaintiff to the office of commissioner of elections of the city of Topeka for the term of four years from the 26th day of September,

1941, and that plaintiff as required by law duly qualified by taking the proper oath of office.

The petition further alleged:

"That, prior to the said 26th day of September, 1941, and to wit, on the 8th day of February, 1938, one John F. Rees was appointed to said office by the then governor of the state of Kansas;

"That the commission issued to the said John F. Rees provided that his term should expire on the 8th day of February, 1942;

"That the governor's appointment book shows that the said John F. Rees was appointed on February 9, 1938, for a four-year term to expire on February 15, 1942. . . . ;

"That in truth and in fact, as provided by the laws of the state of Kansas, the appointment of the said John F. Rees, under the provisions of chapter 109 of the Laws of Kansas, 1921 (G. S. 13-309) was for a period ending September 26, 1941;

"That under the laws of the state of Kansas, being chapter 109 of the Laws of Kansas, 1921 (G. S. 13-309), the governor of the state of Kansas had the power to appoint a commissioner of elections in all cities of the first class with a population of 55,000 persons or more;

"That the city of Topeka, in the year 1924, and prior thereto, had a population of not more than 53,560, as shown by the twenty-fourth biennial report of the Kansas state board of agriculture, . . . ;

"That in the year 1925 the twenty-fifth biennial report of the Kansas state board of agriculture shows that the city of Topeka had a population of 55,411, . . . ;

"That thereupon, the said city of Topeka having come within the provisions of said act in 1925, the then governor of the state of Kansas, on September 26, 1925, appointed one Alice Peyton, for a term beginning September 26, 1925, and ending September 26, 1929, a copy of her commission being hereto attached; . . . ;

"That thereafter, and on September 26, 1929, no further appointment having been made, the said Alice Peyton remained in office under the provisions of section 13-309 of the General Statutes of Kansas until October 25, 1929, holding over under the original appointment;

"That on October 25, 1929, the then governor of the state of Kansas duly appointed the said Alice Peyton commissioner of elections for another term of four (4) years, ending September 26, 1933, a copy of which said commission being hereto attached, . . . ;

"That from September 26, 1937, until February 9, 1938, no successor having been appointed, or qualified, the said Alice Peyton held over until February 9, 1938, when the defendant herein, John F. Rees, received his certificate of appointment from the then governor of the state of Kansas, which said certificate of appointment purported to expire on February 15, 1942;

"That thereafter, and on September 26, 1941, the then governor of the state of Kansas appointed the plaintiff herein, Clyde O. Tresner, as commissioner of elections for the city of Topeka, as hereinbefore more fully set out.

"That under the provisions of section 13-309 of the General Statutes of Kansas, 1935, the governor of the state of Kansas has the power to appoint a commissioner of elections 'who shall hold his office for a term of four (4) years, and until his successor is appointed and qualified. . . . The governor shall appoint his successor for the same term of years; . . .'

"That said statute does not provide the date upon which the term of the commissioner of elections shall begin, and that, therefore, the term of the commissioner of elections of the city of Topeka began on the 26th day of September, 1925, and each fourth year on said date thereafter;

"That the defendant, John F. Rees, claiming to have been appointed by the governor of the state of Kansas for a term of four (4) years ending February 15, 1942, and without any other legal warrant, right or claim whatever, intruded into and usurped said office, and still unlawfully holds and exercises the same, and has so held and exercised said office since the 26th day of September, 1941, without legal rights or title thereto, although his successor has been duly appointed and qualified for said office, and has made demand upon the said John F. Rees for the same."

Plaintiff demands judgment for costs and that defendant be ousted from such office.

Defendant filed a demurrer to the petition on the ground the petition failed to state facts sufficient to constitute a cause of action. The question presented is whether the petition states a cause of action. The answer must be found in the statute, G. S. 1935, 13-309, which provides:

"That in cities of the first class having more than 55,000 inhabitants, the governor of the state shall appoint a commissioner of elections, unless one is already appointed, who shall hold his office for a term of four years, and until his successor is appointed and qualified. But he may, for official misconduct, be removed by the governor. The governor shall appoint his successor for the same term of years; and in case of death, resignation or removal of the commissioner of elections, the appointment shall be for the unexpired term. . . ."

As set out in the petition, plaintiff contends the appointment of the defendant was not for a term of four years from the date of his appointment, but was for an unexpired term from February 9, 1938, the date of his appointment, until September 26, 1941. Defendant asserts that his term will not expire until February 9, 1942—four years from the date of his appointment.

The statute fixes the term of the commissioner of elections at four years, but neither the commencement not termination of the term is prescribed. The appointee is to hold his office until his successor is appointed and qualified, and he may be removed for official misconduct. Then follows the provision:

". . . The governor shall appoint his successor for the same term of years; and in case of death, resignation or removal of the commissioner of elections, the appointment shall be for the unexpired term. . . ."

This language is free from ambiguity. The successor is to be appointed for the same term of years. The appointment for an unexpired term is provided for in three specified cases: (1) death, (2) resignation, and (3) removal of the commissioner. As it is not claimed there was a vacancy in the office by reason of death, resignation or removal, with what show of reason can it be urged that there was an unexpired term to be filled? In *Dudley v. Reynolds*, 1 Kan. 285, 289, it was stated:

"But when the terms of a law are clear and precise, the only duty of a court is to declare the applicability of the law to any given case. When the legislature has expressed its will in plain and unambiguous language, courts are bound to say they meant what they have clearly expressed. . ."

In *Young v. Regents of State University*, 87 Kan. 239, 252, 124 Pac. 150, it was said:

". . . Where the meaning of a statute is clear there is no room for interpretation. The meaning must be ascertained from the words used. . . . To depart from the meaning expressed by the words is to alter the statutes, to legislate and not to interpret. Defects which might have been corrected and omissions which might have been supplied had the attention of the legislature been directed to them cannot be remedied by the courts. The maxim to be applied in this instance is, *expressio unius est exclusio alterius,* and force and effect must be given to the language used, without departure from its ordinary signification, regardless of consequences or of any notion of justice or public policy which the court may entertain. . . ."

In accordance with the maxim *"expressio unius est exclusio alterius,"* the statute having prescribed three certain events upon which a vacancy might occur, is to be construed as excluding a vacancy upon any event not specified.

In *State, ex rel., v. Wentworth*, 55 Kan. 298, 40 Pac. 648, a similar question was before this court, and it was held, as stated in the syllabus:

"Under § 3 of chapter 113, Laws of 1879 (6188, Gen. Stat. of 1889), which provides that 'each insane asylum shall have a superintendent, an assistant superintendent, steward, and matron, who shall be chosen by the board of trustees, and shall hold their office for the term of three years,' no vacant, unexpired or fractional terms are recognized, and such officers, whenever appointed are entitled to hold their respective offices for the period of three years from the date that the appointment of each takes effect."

In the opinion of the court it was stated:

"We cannot give this act the interpretation suggested on the part of the state, which would, in our opinion, violate rather than carry into effect the will of the legislature, as expressed in plain words. If this were allowable on any supposed grounds of public policy as to the terms of these officers, yet we could not find any ground on which to base an argument that the public interest would be in any way promoted by the creation of fractional terms by judicial construction. We are aware of no reason that would forbid the appointment of officers for the Topeka and Osawatomie asylums at different times, nor that would require the choosing of the four officers of either institution at the same time. The statement of facts shows that the board of trustees has not kept the triennial terms distinct nor uniform, even as to the Osawatomie asylum. The circumstance that where the legislature has seen fit to recognize vacant fractional terms it has expressly provided for the filling of the places for the unexpired terms, furnishes a strong reason for holding that where they have not done so it was intended and deemed best that the officer, at whatever time appointed, should hold his office for the term prescribed by the statute; and that if he should vacate the place before the expiration of that time this should not shorten the term of the next incumbent. In other words, when one goes into office by virtue of an appointment under this statute, he has a right to fill it for the prescribed period, but if he quits, his term ends, and a new one begins when the appointment of his successor takes effect. And this doctrine is sustained by the great weight of authority." (p. 303.)

See, also, *State, ex rel., v. Hayes*, 55 Kan. 305, decided on the same day as the Wentworth case, and in which the court stated "will be disposed of in the same manner."

Plaintiff relies on the case of *Hale v. Bischoff*, 53 Kan. 301, 36 Pac. 752. That case was distinguished in the Wentworth case, where it was stated:

". ., . *Hale v. Bischoff*, 53 Kan. 301, was a contest for the office of assessor of a city of the first class, a place filled by appointment, it being expressly provided by the statute, that, 'in case of any vacancy in any appointive office, the mayor, by and with the consent of the council, shall fill such vacancy *for the unexpired term for which his predecessor was appointed.*' (Laws of 1881, ch. 37, § 81; Gen. Stat. of 1889, ¶ 635.) The foregoing authorities are all cited by the state to aid us in the construction of a statute essentially differing from the statutes which were controlling in those cases, for, as we have already seen, the section under consideration does not recognize any such thing as vacant, unexpired or fractional term, nor the appointment of any person for a shorter term than three years." (p. 302.)

In the case before us we are called upon to construe a statute essentially different from the statute before the court in the Bischoff case. As there was no vacancy caused by the death, resignation

or removal of the prior incumbent by the express language of the statute the defendant was entitled to hold the office of commissioner of elections for the term of four years from the date of his appointment.

It follows that the petition does not state a cause of action and the demurrer must be sustained. It is so ordered.

HARVEY, J. (dissenting): The question is one of construing a statute and applying it to facts which are not controverted. The pertinent parts of the statute (G. S. 1935, 13-309) read:

"The governor . . . shall appoint a commissioner of elections, . . . who shall hold his office for a term of four years, and until his successor is appointed and qualified. . . . The governor shall appoint his successor for the same term of years; and in case of death, resignation or removal of the commissioner of elections, the appointment shall be for the unexpired term. . . ."

The facts are as follows: The statute became effective in Topeka sometime in 1925, and on September 26 of that year the first appointment of a commissioner was made for a term of four years. Successive appointments were made in 1929 and 1933. The last of these was for a term which ended September 26, 1937. There was no further appointment made until February 9, 1938, the officer whose term expired September 26, 1937, having held over until February 9, 1938, when defendant in this action was appointed, his commission of appointment purporting to be for a term of four years ending February 15, 1942.

This statute in question fixed the length of term of the office at four years—no more and no less. The added phrase, "and until his successor is appointed and qualified," could not have the effect of extending the term, for, under our constitution (art. 15, § 2) ". . . the legislature shall not create any office the tenure of which shall be longer than four years." The holding-over phrase is similar to that used in our constitution respecting the terms of state executive officers (art. 1, § 1) and county and township officers (art. 4, § 2). These provisions for an officer holding over after the end of his term are for the benefit of the public, and to provide an official authorized to conduct the business of the office in the event there had been a failure of election, or delay in appointment, or the failure of the one elected or appointed to qualify. It has nothing to do with the duration of the term of office, or with the beginning

or the end of the term of office. The held-over tenure served by an officer holding over after the end of his term is a part of the succeeding term. The officer so holding over is a *de jure* officer. The office is not vacant.

The statute also provides "the governor shall appoint a commissioner of elections . . . for a term of four years" and "shall appoint his successor for the same term of years." This contemplates successive terms of four years each, and when one term ends the governor "shall appoint" a "successor." Obviously, there is no room here to say the time of the appointment of the successor was left to the discretion of the appointing officer. He is not given authority to change the length of the term of office. That is fixed by statute.

The statute then provides "in case of death, resignation or removal of the commissioner . . . the appointment shall be for the unexpired term." These provisions deal with vacancies which occur within a term. They have nothing to do with reappointment at the end of the term—that had been provided for previously in the statute. There is no room here for the application of the doctrine expressed by the maxim *expressio unius est exclusio alterius*. The part of the statute relating to appointment to fill vacancies deals with all vacancies; no vacancy is omitted.

The language of the certificate of appointment, issued by the governor to defendant, insofar as it states the term for which he was appointed, is not controlling. The term for which the appointment is made is governed by law, not by the language of the certificate of appointment.

SMITH, J., joins in the foregoing dissent.