No. 36,812

The State of Kansas, ex rel. John E. Vanlandingham, County Attorney, et al., *Plaintiffs*, v. Eleanora Cheatum, *Defendant*.

(175 P. 2d 123)

December 7, 1946.

*John E. Vanlandingham,* county attorney, and *Paul R. Wunsch,* both of Kingman, argued the cause and were on the briefs for the plaintiffs.

*Charles H. Stewart,* of Kingman, was on the briefs for the defendant.

The opinion of the court was delivered by

Parker, J.: This is an original action wherein the plaintiffs seek a declaratory judgment within the court's jurisdiction in a quo warranto proceeding determining the right of the defendant to hold the office of treasurer of Kingman county.

The cause is submitted on an agreed statement of facts which, omitting formal and immaterial statements therein found, reads:

"(3rd) That the defendant was by the Board of County Commissioners of

Kingman County, Kansas, appointed to fill a vacancy existing in the office of county treasurer, and that she qualified under such appointment on November 6, 1944. That she continued to serve under such appointment until October 9, 1945.

"(4th) That in the general election of 1944, Ida Herrington was duly elected as County Treasurer of Kingman County, Kansas, for the regular term commencing October 9, 1945. That on October 9, 1945, Ida Herrington filed with the board of county commissioners her written declination, and that she did not qualify. Thereupon, the board of county commissioners declared a vacancy in such office.

"(5th) On October 9, 1945, the board of county commissioners appointed the defendant as County Treasurer of Kingman County, Kansas, and that she qualified and entered upon the duties of said office and has continued to this date to serve as such county treasurer.

"(6th) The defendant was a candidate, in the General Election of 1946, for the regular term for the office of county treasurer, said term commencing in October, 1947. That she received the highest number of votes for such office and was duly elected to the office of county treasurer for such regular term.

"(7th) That no person filed as a candidate for the unexpired term for county treasurer. That, although on the general primary election ballot a place appeared to write in the name of a person for such unexpired term, no one received the requisite number of votes and, consequently, no one was nominated for such office. The general election ballots provided for the writing in of the name of a person for such unexpired term, and the name of Eleanora Cheatum, the defendant herein, was written in by the voters for such unexpired term. The names of other persons were likewise written in for such unexpired term, but that the defendant received the highest number of votes and was elected to such unexpired term. Eleanora Cheatum was not a candidate for such unexpired term nor did she seek such office.

"(8th) That an unexpired term existed and that the appointment of Eleanora Cheatum by the county commissioners was only until the General Election of 1946. That the unexpired term was for the period from the time of election to the commencement of the next regular term in October, 1947.

"(9th) That the plaintiffs insist that the defendant is ineligible to serve the unexpired term, even though elected thereto, and that because of such fact a vacancy now exists in such office.

"(10th) That an actual controversy exists between the parties to this action as to whether or not the defendant is eligible to hold the office of county treasurer for such unexpired term, and that this action is brought to determine the right of the defendant to hold such office."

From the foregoing statement of facts it appears the defendant served a portion of the term commencing October, 1943, and ending October, 1945, as county treasurer of Kingman county; she held that office by appointment during the next succeeding term from October, 1945, until the election in November, 1946; and she now

seeks to hold such office from November, 1946, to October, 1947, by virtue of having been elected to fill the unexpired term of the regular term which commenced in October, 1945, and ends in October, 1947.

The plaintiffs' contention is that under the circumstances heretofore related if the defendant qualifies and assumes the duties of the office of treasurer for the unexpired term she would be serving a third consecutive term in violation of article 4, section 2, of the constitution of Kansas and that therefore she is ineligible to either qualify for or hold the office for such unexpired term. Plaintiffs' position is bottomed upon the proposition that an unexpired term is a separate and distinct term in itself but they concede that if it is held to be a part of the regular term there is nothing in the constitution, the statute, or our decisions, which prohibits the defendant from continuing to serve as county treasurer until October, 1947.

Pertinent portions of the section of the constitution on which plaintiffs' rely in support of their position read:

"General elections and townships elections shall be held biennially on the Tuesday succeeding the first Monday in November in the years bearing even numbers. All county and township officers shall hold their offices for a term of two years and until their successors are qualified: . . . No person shall hold the office of sheriff or county treasurer for more than two consecutive terms." (Art. 4, § 2.)

In this jurisdiction there can no longer be any question about the force and effect to be given the last sentence of the constitutional provision just quoted. A person who holds the office of either sheriff or county treasurer during a part or all of two consecutive terms is ineligible to hold the office for the next succeeding term (see *Coates v. Camp,* 161 Kan. 732, 173 P. 2d 266, and cases there cited). However, in the instant case, conceding defendant had served portions of two consecutive terms as county treasurer preceding her election to the unexpired term, in order for the prohibition of the constitution and the rule announced in the case just cited to have any bearing whatsoever upon her eligibility to continue to hold the office for the term in question, it must first be determined that such unexpired term is separate and distinct in itself and is not to be regarded as any part or portion of the immediate preceding regular term so held by her. Can it be said that such a conclusion is justified under the factual situation disclosed by the record? The parties make no claim, and a somewhat extended examination of our decisions does not reveal that the question of whether an unexpired term is to be regarded in law as a separate and distinct term or a part

of the regular term has been determined by this court. Under such circumstances we turn to the statute and the constitution for light and guidance.

At the outset it seems clear both the constitution (art. 4, sec. 2), and the statute (G. S. 1935, 19-501), contemplate a county treasurer is to be elected for a regular term and that the duration of such regular term is two years. The one reads "all county and township officers shall hold their offices for a period of two years" and the other provides "a county treasurer shall be elected in each county for the term of two years, whose term of office shall commence the second Tuesday of October after his election."

Next we direct attention to G. S. 1945 Supp. 25-312, which reads:

"*All vacancies in* any state or *county office,* and in the supreme or district courts, unless otherwise provided for by law, *shall be filled by appointment* from the governor, until the next general election after such vacancy occurs, when *such vacancy shall be filled by election.* . . ." (Emphasis supplied.)

Of a certainty the italicized phrases "all vacancies in county office—shall be filled by appointment" and "such vacancy shall be filled by election" inferentially, if it cannot be said directly, refer to vacancies in the regular two-year term contemplated by the constitution and the two-year term of office expressly provided for by the statute and support the conclusion it is not a new term of office but the vacancy in the office which is filled by election.

Lastly, we call attention to G. S. 1935, 25-314. It reads:

"Any of said officers that may be elected or appointed to fill vacancies may qualify and enter upon the duties of their office immediately thereafter, and when elected they may hold the same *during the unexpired term* for which they were elected, and until their successors are elected and qualified; but if appointed, they shall hold the *same* only until their successors are elected and qualified." (Emphasis supplied.)

Beyond doubt, in our opinion, the emphasized language of this section, when tested by ordinary rules of statutory construction, requires an interpretation that the term of the one appointed or elected to fill a vacancy is to be regarded as a portion of the unexpired term of the person originally elected to office for the regular term and without whose resignation or other action resulting in the office becoming vacant, there would be no occasion for the filling of the unexpired term.

And finally, we note, as a practical matter that to uphold plaintiffs' position would make possible the very thing the constitution prohibits. Any person subject to its inhibition might make himself

eligible to hold office indefinitely by simply taking action which would result in some other person being appointed to fill out the waning days of each second two-year term to which he might be elected.

Based on the conclusions heretofore announced we have no hesitancy in holding that the unexpired term of office of a person appointed or elected to fill a vacancy under G. S. 1945 Supp. 25-312 and G. S. 1935, 25-314, is not a separate and distinct term. Standing alone it may constitute one of the two consecutive terms mentioned in article 4, section 2, of the constitution for the simple reason it is actually a part of a regular term but such fact is in no sense to be regarded as indicating that when served in conjunction with the regular term it is to be considered as a consecutive term in and of itself. On the contrary, in that situation, it is to be regarded as a portion of the regular term out of which it is carved and without which it does not exist. It follows, the defendant is eligible to serve the remainder of the unexpired two-year term to which she has been elected, and that the plaintiffs' contention there is now a vacancy in the office of county treasurer by reason of the constitutional inhibition against the serving of a third consecutive term cannot be sustained.

The decisions cited by the plaintiffs in support of their position have been examined with care but will not be discussed. It will suffice to say they do not deal with the subject of whether an unexpired term, concededly carved out of part of a regular term, is in itself to be regarded as a separate and distinct term and for that reason are not decisive of the fundamental question here involved.

In closing it should be stated the pleadings and the agreed statement of facts when considered in their entirety raise the question of defendant's right to hold the office for the regular term commencing in October, 1947. Without laboring such question we hold that when applied to the facts of this case our decisions (see *Coates v. Camp,* supra), definitely compel a conclusion the 1947 term to which defendant was elected is her third consecutive term and within the prohibition of article 4, section 2, of the constitution.

Not involved, but mentioned by the parties, is one other proposition which, because of its public interest, will be mentioned. Plaintiffs suggest that if some other person had been elected to the unexpired term, it might be held the defendant would be eligible to serve the regular term commencing October, 1947. We do not

agree. Under the reasoning of our decisions, the test is whether a county treasurer who has been reëlected to that office has theretofore served a part or all of two consecutive terms. By serving as county treasurer from October 9, 1945, until November, 1946, since she had already served part of a preceding term, the defendant became ineligible to hold the office during the 1947 regular term, irrespective of whether she was elected to or ever served the unexpired 1945 term.

In accord with the conclusions herein announced the defendant is entitled to judgment and it is held: (1) Defendant is eligible to hold the office of county treasurer for the unexpired portion of the regular term beginning in October, 1946, and ending in October, 1947; (2) she is not eligible to hold such office for the regular term commencing in October, 1947, and extending to October, 1949; and (3) the costs of this action are to be paid by Kingman county.