The Honorable Bill Graves Governor of the State of Kansas State Capitol, 2nd Floor Topeka, Kansas 66612-1590
Dear Governor Graves:
You request our opinion regarding the eligibility of a State Banking Board member to be appointed to another term after he has served four months of an unfulfilled term and, subsequently, served a full term that was shortened by 1996 Senate Bill No. 19.
K.S.A. 1996 Supp. 74-3004 authorizes the creation of the State Banking Board and specifies its members' qualifications. Board members are appointed by the Governor and subject to confirmation by the Senate. K.S.A. 1996 Supp. 74-3004(a). Subsection (b) defines Board members' terms and prescribes the appointment procedure when a vacancy occurs, as follows:
 "Except as provided by subsection (c), terms of members of the board shall be for three years. Each member shall serve until a successor is appointed and confirmed. No person shall serve more than two terms as a member of the board. In the event of a vacancy on the board, the governor shall appoint a new member of the same qualification to fill the unexpired term." (Emphasis added.)
Subsection (c) causes the term of any member to expire on March 15 of the year of the term's original expiration, and "thereafter, members shall be appointed for terms of three years and until their successors are appointed and confirmed."
You indicate that the Board member about whom you inquire was appointed on December 23, 1993, to fill a term which expired on April 30, 1994. He was confirmed by the Senate on January 24, 1994, for both the unexpired term and for the subsequent term, which was scheduled to expire on April 30, 1997, but which expired instead on March 15, 1997, under K.S.A. 1996 Supp.74-3004(c). This provision was the subject of 1996 Senate Bill No. 19, which was determined by our office to be facially constitutional. Attorney General Opinion No. 95-114. We concluded that incumbent public officers have no constitutional or contractual rights to hold an appointed office for a fixed term.
The "commencement" of the term of public office has been examined in both Kansas case law and Attorney General Opinions. The Kansas Supreme Court has long held that when a statute is silent on the commencement of an official term, it begins to run from the date of the original appointment. Hale v. Bischoff, 53 Kan. 301,304 (1894). Subsequent terms follow in "regular order, each one commencing where the other ended." Hale v.Bischoff, 53 Kan. at 305. Accordingly, the Court has determined that a person is ineligible to hold a third term of office where he has served "a part or all of two consecutive terms." State v. Cheatum, 162 Kan. 248, 250
(1946). The Court's conclusion cited the following constitutional language, "[N]o person shall hold the office of sheriff or county treasurer for more than two consecutive terms." Kan Const., Art. 4, § 2 (provision repealed Nov. 4, 1968). The Court in Cheatum discussed public policy concerns that this constitutional provision could be circumvented if partial terms were not included in the calculation of "two terms," and examined statutes similar to the one at issue, then concluded that an unexpired term "is not a separate and distinct term."State v. Cheatum, 162 Kan. at 25.
In contrast to Cheatum and the present situation, the Kansas Supreme Court has distinguished public offices for which no statutory provision was made for "the filling of the places of the unexpired terms," Stateex. rel. John T. Little v. Wentworth, 55 Kan. 298, 304
(1895). In the absence of statutory language on vacancies to appointed positions, a new term begins with each new appointment, and a vacancy which occurs before the term ends does not shorten the successor's term.State ex. rel John T. Little v. Wentworth,55 Kan. at 304. In Tresner v. Rees, 154 Kan. 585 (1941), the applicable statute specified certain types of vacancies that would cause the succeeding appointment to be made for the unexpired term. The Court held that appointments made pursuant to these designated vacancies, and no others, would relate back to the commencement of the preceding term.
K.S.A. 1996 Supp. 74-3004(b) limits members' appointments to two terms, limits terms to three years and requires that members appointed in the event of vacancies ". . . fill the unexpired term." Our office has construed very similar language to mean that when an appointment results from a vacancy, the appointee's term "commences" at the beginning of the term he was appointed to fill. Attorney General Opinions No. 91-35 and 92-11. The general principle is that the legislature fixes the term of an office, and the appointing authority cannot alter the length of the term.
 "It has been declared, however, that, where terms are prescribed by law, public policy forbids that the beginning and expiration of terms of officers be left to the discretion of the person holding the office, or body having the appointing power." 63A Am.Jur.2d Public Officers and Employees, § 155 (1984) (footnotes omitted).
This conclusion is consistent with the plain language of the K.S.A. 1996 Supp 74-3004(b); the Court has previously construed very similar vacancy language as "free from ambiguity" in indicating a successor to a vacancy is appointed only to fill the remainder of the unexpired term. Tresner v. Rees, 154 Kan. at 584. None of the foregoing principles is contingent on the length of the unexpired term, regardless how brief it may be.
In conclusion, Banking Board members are limited to two terms, each of three years' duration. However, where a member is appointed to fill a vacancy, the three years begins at the commencement of the predecessor's term. In our opinion, and under the plain language of K.S.A. 1996 Supp. 74-3004(b), a member appointed to fill a vacancy completes the unexpired term, and this term is considered one of the two terms for which he is eligible. The member about whom you inquire has served two terms, which is the maximum he is allowed by law.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm