The Honorable Greta H. Goodwin State Senator, 32nd District State Capitol, Room 403-N Topeka, Kansas 666112-1504
Dear Senator Goodwin:
You request our opinion regarding several issues related to recall of a local officer. Specifically, you ask:
 1. Whether the prohibition against filing a petition seeking recall of a local officer during the first 120 days of a term of office applies when the officer sought to be recalled is serving a second consecutive term as county commissioner;
 2. Whether a registered elector designated as a sponsor to circulate the petition may be a registered elector in any county commission district or must be a registered elector in the district served by the county commissioner being recalled;
 3. Whether a registered elector who did not cast a ballot in the last preceding general election may be designated as a sponsor and circulate the petition;
 4. Whether the number of signatures required on a petition seeking recall of the county commissioner is based on the total number of votes cast for candidates for county commissioner in the individual commissioner district, or whether the number is based on the total number of votes cast in all commissioner districts that were voting on the office of county commissioner in the last preceding general election; and
 5. Whether any registered elector having a residence in the district of the county commissioner sought to be recalled may sign a petition seeking recall of the commissioner.
According to the information provided to us, electors in two county commissioner districts in Cowley County cast ballots for the office of county commissioner during the general election conducted November 7, 2000. Commissioner #1 was reelected for a second term to the Board of Commissioners for Cowley County. At the organizational meeting of the new Board, Commissioner #1 proposed actions that upset some constituents residing throughout Cowley County. The constituents are proposing the recall of Commissioner #1.
Elected public officers, except judicial officers, are subject to recall by the voters of the State or political subdivision from which elected.[1] The procedure for recalling a local officer is set forth in K.S.A. 25-4318 to 25-4331.[2] "The recall of a local officer is proposed by filing a petition with the county election officer of the county in which all or the greater part of the population of the election district of the local officer is located. . . ."[3] Limitations as to when a petition may be filed are set forth in K.S.A. 25-4323.
"No petition for recall of a local officer may be filed during thefirst one hundred and twenty (120) days of the term of office of thelocal officer sought to be recalled or within less than one hundred and eighty (180) days of the termination of the term of office of the local officer sought to be recalled."[4]
"The cardinal rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained."[5] In determining legislative intent, "courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia."[6]
"The legislature is presumed to intend that its enactments be given a reasonable construction, so as to avoid absurd or unreasonable results."[7]
Subsection (a) of K.S.A. 25-4323 precludes the filing of a petition seeking recall of a local officer during the first 120 days of a term. The statutes also provide that a local officer may not be subject to recall more than once during a term of office.[8] A county commissioner serves a term of office of four years beginning the second Monday of January following the commissioner's election in November.[9] To interpret the provision as though a local officer who is reelected to office serves a continuing term would result in a local officer being subject to recall only once, thereafter being immune from any later attempts to recall the local officer regardless how many times the officer is reelected. Such a result would be unreasonable, particularly in light of the fact that recall is a fundamental right. It is the intent of the Legislature that a term of office for a county commissioner is for four years. A separate and distinct term of office is deemed to begin with the passing of the second Monday of January after the election of the county commissioner regardless whether the person serving in the office is reelected to a consecutive term.[10] Therefore, after being reelected to office, Commissioner #1 began a new term of office on January 8, 2001. The statute precludes filing a petition seeking recall of Commissioner #1 for the first 120 days of her term.
A petition seeking recall of a local officer is to be circulated by a sponsor.[11] "Each sponsor shall be a registered elector of the election district of the local officer sought to be recalled and of the county in which such sponsor circulates the petition."[12] Both of these conditions must be met by a person who is designated as a sponsor. Therefore, only those persons who are registered electors of the election district served by Commissioner #1 may be designated as sponsors of a petition seeking her recall from office.
While K.S.A. 25-4320 requires that a person designated as a sponsor be a registered elector of the election district of the local officer sought to be recalled, the statute makes no reference as to whether the person must have voted in the last preceding general election. "Ordinary words in a statute are to be given their ordinary meaning and the statute is not to be read so as to add or subtract from that which is stated therein."[13] Interpreting the requirement that a sponsor be a registered elector who actually cast a ballot in the last preceding election would be adding a condition that does not exist in the language of the provision.[14] A sponsor must be a registered elector of the election district of the local officer sought to be recalled. It is not required that the sponsor have cast a ballot in the last preceding general election.
K.S.A. 25-4325 sets forth a number of items that must be included in a petition seeking recall of a local officer.
"The recall committee may file the petition only if signed by registered electors in the election district of the local officer sought to be recalled equal in number to not less than 40% of the votes cast for all candidates for the office of the local officer sought to be recalled in the last general election at which a person was elected to such office. If more than one person was elected to such office at such election the number of signatures required shall be equal to not less than 40% of the votes cast at such election for all candidates for the office divided by the number of persons elected to such office."[15]
In Attorney General Opinion No. 99-38 it was determined that "the petition could be filed if signed by registered electors equal in number to not less than 40% of the votes cast for all candidates for the office of the local officer sought to be recalled in the last general election at which a person was elected to the office of the local officer." In the situation presented here, persons to serve as county commissioner in two separate county commission districts were elected. The county commission district boundaries have not been altered since the election at which County Commissioner #1 was reelected to office, nor has there been an intervening general election at which a person was elected to serve as county commissioner in the district served by County Commissioner #1. Therefore, the number of signatures required on a petition seeking recall of County Commissioner #1 is based on the total number of votes cast in the last general election for all candidates for the office occupied by County Commissioner #1. The votes cast for candidates in other county commissioner districts are not considered in determining the number of signatures required on a petition seeking recall of County Commissioner #1.
A petition seeking recall of a local officer is to be signed by registered electors of the district served by the local officer.[16]
Any person who is a citizen of the Unites States, has attained the age of 18 years, and who resides in the voting area in which the person seeks to vote is deemed a qualified elector[17] and, upon meeting such person's duty to register to vote,[18] is a registered elector of the district.[19] There is no other requirement regarding who may sign a petition seeking recall of a local officer. Any person properly registered to vote in the county commission district served by County Commissioner #1 may sign the petition seeking to recall the Commissioner from office. In order to be properly registered to vote, the person must have a residence[20] within the district.
In review, K.S.A. 25-4323 precludes filing a recall petition during the first 120 days of a term of office of a county commissioner. A new term of office is deemed to begin on the second Monday of January following the reelection of a person serving as county commissioner. Only those persons who are registered electors of the election district served by the county commissioner sought to be recalled may be designated as sponsors of a petition seeking the commissioner's recall from office. It is not required that the sponsor have cast a ballot in the last preceding general election. In those instances in which the districts of the county commissioners have not been altered since the last general election in which the county commissioner sought to be recalled was elected and there have been no intervening general elections, the number of signatures required on a petition seeking recall of a county commissioner is based on the total vote cast in the last general election for all candidates for the individual office occupied by the county commissioner. The votes cast for candidates in other county commissioner district are not considered in determining the number of signatures required on a petition seeking recall of the county commissioner. Any person properly registered to vote in the county commission district served by the county commissioner may sign the petition seeking to recall that commissioner from office.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Kan. Const., Art. 4, § 3; K.S.A. 25-4301.
[2] K.S.A. 25-4304.
[3] K.S.A. 25-4318.
[4] K.S.A. 25-4323(a) (emphasis added).
[5] In re B.M.W., 268 Kan. 871, 877 (2000).
[6] Citizens' Utility Ratepayer Bd. v. State Corp. Comm'n,264 Kan. 363, 391 (1998); St. Joseph Development Corp. v. Sequenzia,25 Kan. App. 2d 514, 515 (1998).
[7] Rockers v. Kansas Turnpike Authority, 268 Kan. 110, 113 (1999).
[8] K.S.A. 25-4323(b); 25-4326.
[9] K.S.A. 19-202(d).
[10] See State ex rel. v. Cheatum, 162 Kan. 248 (1946); Attorney General Opinion No. 97-43.
[11] K.S.A. 25-4325.
[12] K.S.A. 25-4320.
[13] R.D. Anderson Constr. Co., Inc. v. Kansas Dept. of HumanResources, 7 Kan. App. 2d 453, 458 (1982), citing Lakeview Gardens, Inc.v. State ex rel. Schneider, 221 Kan. 211 (1976).
[14] See Attorney General Opinion No. 99-38 (requirement in former constitution provision that signatories to petition have actually voted for officer was not enacted in statute).
[15] K.S.A. 25-4325.
[16] K.S.A. 25-4320(b); 25-4324; 25-4325.
[17] Kan. Const., Art. 5, § 1.
[18] K.S.A. 25-2302.
[19] K.S.A. 25-215.
[20] K.S.A. 25-407; 77-201 Twenty-third.